# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

KENNETH H. HOOKS, III AND
LINDI HOOKS

NO. 2019 CW 1540

VERSUS

BERKSHIRE HATHAWAY
AUTOMOTIVE D/B/A VANDERGRIFF
ACURA

MAY 1 2 2020

In Re:   Artex Automotive Sales II, LLC d/b/a Vandergriff Acura,
         applying for supervisory writs, 19th Judicial District
         Court, Parish of East Baton Rouge, No. 682112.

BEFORE:   McCLENDON, WELCH, AND HOLDRIDGE, JJ.

   WRIT DENIED.

JEW
GH

   McClendon, J., concurs in part and dissents in part. It is
not disputed that the parties signed the Purchase Agreement dated
April 13, 2019 containing the Arbitration Clause, which indicates
that the parties presumptively agreed to arbitrate any disputes.
**Jasper Contractors, Inc. v. E-Claim.com, LLC,** 2011-0978 (La. App.
1st Cir. 5/4/12), 94 So.3d 123, 130 n.7. Plaintiffs do not
challenge the arbitration clause itself; rather, the challenges
asserted by plaintiffs are directed to the contract as a whole.
Such challenges to the contract as a whole must go to arbitration.
**Jasper Contractors,** 94 So.3d at 133 (quoting **Buckeye Check Cashing,
Inc. v. Cardegna,** 546 U.S. 440, 449, 126 S.Ct. 1204, 1210, 163
L.Ed.2d 1038 (2006)). It cannot be said with positive assurance
that the Arbitration Clause in this case is not susceptible of an
interpretation that would cover the dispute at issue. **Aguillard v.
Auction Mgmt. Corp.,** 2004-2804 (La. 6/29/05), 908 So.2d 1, 18.
Accordingly, I would reverse the portion of the trial court's
judgment dated October 31, 2019 denying the dilatory exception
pleading the objection of prematurity filed by defendant, Artex
Automotive Sales II, LLC d/b/a Vandergriff Acura, and stay the
trial court proceedings pending arbitration of these matters in
accordance with the terms of the Arbitration Clause contained in
the Purchase Agreement signed by the parties on April 13, 2019. In
all other respects, I would deny the writ application.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT